UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: | : | Case No.: 13-51533 (AHWS) |
| 3333 Main, LLC | : | Chapter 11 |
| Debtor | : | March 7, 2014 |

### DEBTOR'S REPLY TO CREDITOR'S OBJECTIONS TO CLAIMS AND MOTION TO DISMISS.

The Debtor hereby files its reply to the claim objections filed by Creditor SA Challenger as follows.

In general, SA Challenger lacks standing to object to scheduled claims for creditors which have no obligation to file a proof of claim and thus have never filed a proof of claim. Therefore the objections should be overruled.

1.     SA Challenger is a secured creditor in this estate. SA Challenger has filed recently numerous documents entitled "Objection to Claim", of various creditors. However, none of these creditors have ever filed a Proof of Claim. SA Challenger is in fact objecting to scheduled claims which were never listed as disputed. SA Challenger does not identify any authority for the proposition that it has standing or any legal basis to object to a scheduled creditor not listed as disputed. In point of fact it does not.

2.     Code Section 501(a) states that a creditor "may file a proof of claim". If the creditor does not then 501(c) states that "the debtor or the trustee may file a proof of claim". Here no one has filed a proof of claim.

3.     Bankruptcy Rule 3002 states that an unsecured creditor must file a proof of claim "except as provided in Rules 3003, 3004 and 3005".

4. Rule 3003(b)(1) states that, "The schedule of liabilities filed pursuant to Sec. 521(1) shall constitute prima facie evidence of the validity and amount of the claims of creditors unless they are scheduled as disputed, contingent or unliquidated. It shall not be necessary for a creditor ... to file a proof of claim ... except as provided in subdivision (c)(2) ...."

None of the creditors have been scheduled as disputed, contingent or unliquidated in this case.

5. Rule 3003 (c)(2), "Who must file" states, inter alia, that, "Any creditor ... whose claim ... is not scheduled or scheduled as disputed, contingent or unliquidated shall file a proof of claim ... within the time prescribed ...; any creditor that fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

6. Since the Debtor did not dispute any of the claims it listed on its schedules nor list them otherwise, none of those creditors had an obligation to file a proof of claim in order to participate in this case and none of them did so.

7. Consequently, there is no claim for SA Challenger to object to. Its has objected to nonexistent proofs of claim. This is improper and a nullity.

8. Further support for the Debtor 's position is found in Code Section 502(a) which states that, "A claim or interest, **proof of which is filed under Sec. 501** ... is deemed allowed unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 ... objects." SA Challenger cannot object to a proof if claim that was never filed under Sec. 501. This is

substantiated by the legislative history to this section which states, "A proof of claim ... is prima facie evidence of the claim ... thus it is allowed under subsection (a) unless a party in interest objects. The rules and the case law will determine who is a party in interest for purposes of objection to allowance."

9.  Furthermore, these objections all proceed on an identical basis and assert that the claim lacks sufficient documentation. This boilerplate objection is however totally inadequate to support an objection, especially to a scheduled claim that is not disputed by the Debtor. Clear authority exists which establishes that the majority view that such an objection is legally inadeaute to support disallowance of a claim and a creditor cannot sustain its burden of proof in any event.

"Debtors' Objections Based Solely Upon Insufficient Documentation Must be Overruled Since They Do Not Satisfy Any of the Enumerated Exceptions Set Forth in 11 U.S.C. § 502(b). Under the Bankruptcy Code, a "claim" is defined as a "right to payment." 11 U.S.C. § 101(5)(A). Pursuant to § 502(a), a creditor "may file a proof of claim." 11 U.S.C. § 502(a). A proof of claim is the "written statement setting forth a creditor's claim." Fed. R. Bankr.P. 3001. 341 B.R. 817. Once filed, a proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). After an objection has been raised, a court shall allow the claim except to the extent that any of the eight statutory exceptions are met. 11 U.S.C. § 502(b). Rule 3001 and Official Form 10 establish the criteria for what documentation, if any, must be attached to a proof of claim. Rule 3001(c), in relevant part, states that "[w]hen a claim is based on a writing, the original or a duplicate shall be filed with the proof of claim." Fed. R.

Bankr.P. 3001(c). Official Form 10 requires the claimant to "attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of liens." Official Form 10. If the documents are too voluminous, the creditor may attach a summary. Id. A proof of claim that meets the above standard along with the others imposed in Rule 3001, "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f). A creditor that fails to comply with Rule 3001(c) does not receive the benefit of this prima facie validity, and instead, in response to an objection, must come forward with sufficient evidence of the claim's validity and amount. Burkett, 329 B.R. at 827 (citing In re Stoecker, 5 F.3d 1022, 1028 (7th Cir.1993)). Nowhere within the Rules and Official forms, however, does it state that a claim should be disallowed in its entirety solely because a creditor has not attached the writing evidencing its claim. Quite to the contrary, the Rules cannot "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. Instead, the Bankruptcy Code, in particular, § 502(b), sets out the exclusive exceptions for disallowance of a claim. These exceptions do not include disallowance based on a lack of documentation. Thus, this Court agrees with the vast majority of courts which have held that a creditor's mere failure to fully comply with the documentary requirements in Rule 3001(c) does not provide a basis for objecting to, or disallowing, a claim. See, e.g., In re Dove-Nation, 318 B.R. 147 (8th Cir.BAP2004); Burkett, 329 B.R. at 828; In re Shank, 315 B.R. 799, 812 (Bankr.N.D.Ga.2004); In re Cluff, 313 B.R. 323, 337 n. 47 (Bankr.D.Utah 2004). The foregoing legal conclusion resolves each of the pending

objections in these two cases since the sole basis for each objection was lack of documentation. Therefore, all of the objections will be overruled."

In re Victor W. Moreno, 341 B.R. 813, 826 (Bkrtcy.S.D.Fla. 2006).

Consequently, for all of the foregoing reasons, creditor SA Challenger's objections to nonexistent claims, identified with Docket ID Nos. 79, 80. 81, 82, 83. 84, 85, 86, 87, 88, 89, 90, 91, 92 should be overruled.

THE DEBTOR,

BY: _____
James M. Nugent   ct08822
Harlow, Adams & Friedman, P.C.
One New Haven Avenue, Suite 100
Milford, CT 06460
Tele No. (203) 878-0661